IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10766

SHERYLIN WILLI; SANGEETA PRABHAKAR; MERRI WILSON

Plaintiffs–Appellants

V.

AMERICAN AIRLINES INC; CELESTE SIMON

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-453

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

On January 5, 2005, Appellants Sherylin Willi, Sangeeta Prabhakar, and Merri Wilson filed suit against Appellee American Airlines, Inc. ("American"), asserting that American's refusal to grant them chronic catastrophic leave ("CCL")[1] violated the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Texas Commission on Human Rights Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] CCL allowed an employee with a chronic medical condition, who was not eligible for leave under the Family and Medical Leave Act, to be temporarily exempt from American's attendance policy for each substantiated absence related to the chronic condition.

("TCHRA").[2] Wilson also asserted claims against Appellee Celeste Simon and American under Texas law for defamation and intentional infliction of emotional distress arising from the publication of a security alert regarding Wilson. American and Simon moved for summary judgment as to all of Appellants' claims, which the district court granted. Appellants now appeal.[3]

Having reviewed the briefs, the record, and the parties' oral arguments under de novo review, we AFFIRM the judgment of the district court for the following reasons:

1. We agree with the district court that regular attendance is an essential function of Appellants' positions as reservation agents in the specialized International Resolutions Desk. See Hypes v. First Commerce Corp., 134 F.3d 721, 727 (5th Cir. 1998) ("[R]egular attendance is an essential function of most jobs."); Riel v. Elec. Data Sys. Corp., 99 F.3d 678, 683 (5th Cir. 1996) (noting that regular job attendance was an obvious essential function). Because CCL would permit Appellants to engage in unpredictable, unapproved, and unscheduled absences, Appellants would still be unable to perform the essential job function of regular attendance even if American were to grant CCL to Appellants as an accommodation. Accordingly, Appellants are not protected by the ADA or TCHRA and cannot prevail on these claims. See 42 U.S.C. § 12111(8) (defining "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires").

---

[2] The ADA and TCHRA both prohibit employment discrimination on the basis of an individual's disability. See 42 U.S.C. § 12101-12117; TEX. LAB. CODE ANN. § 21.051. Because the ADA and TCHRA are very similar, Texas courts and this Court focus on federal precedent regarding the ADA in interpreting the TCHRA. Rodriguez v. ConAgra Grocery Prods. Co., 436 F.3d 468, 473-74 (5th Cir. 2006).

[3] Appellants do not contest the district court's dismissal of their FMLA claim on appeal.

2.  The district court properly dismissed Wilson's defamation claim against Simon and American because Wilson failed to produce any evidence that Simon or American published or directed the publication of the security alert.  See WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998) (stating that to maintain a cause of action for defamation, a plaintiff must prove that the defendant published a defamatory statement).

3.  Wilson's intentional infliction of emotional distress claim fails because it is based on the exact same allegations as her defamation claim, and "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."  Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004).

AFFIRMED.